### HURLBUT v. UNITED STATES MAILING TUBE CO.

(Circuit Court, S. D. New York. October 28, 1902.)

**1. PATENTS—INFRINGEMENT—PAPER TUBE.**

The Hurlbut patent, No. 441,846, for a paper tube, discloses patentable novelty, and is valid, but is limited to a construction in which the cylindrical core has longitudinal seams, and is not infringed by a tube made according to the Denney patent, No. 444,233, in which the core consists of a spirally wound strip.

In Equity. Suit for infringement of letters patent No. 441,846, for a paper tube, granted to Daniel N. Hurlbut December 2, 1890. On final hearing.

Kneeland, La Fetra & Glaze, for complainant.

W. C. Hauff, for defendant.

TOWNSEND, Circuit Judge. Bill for infringement of patent No. 441,846, granted to complainant December 2, 1890, for paper tubes. Defendant contends that the patent is invalid, and denies infringement. The patent in suit covers a simple construction, only slightly differentiated from those used in the general field of the art of tube construction. The argument in its support rests upon the alleged functional results of the special construction of the inner core, with such abutting or overlapping edges as afford substantial resistance to lateral pressure. That the patented tube was intended to discharge such function is evident from the specification; that it accomplishes the result sought, when constructed, as shown in the drawings, with the edges of the core parallel to the axis of the tube, is admitted; and the prior art fails to show any tube so nearly like this construction, as thus limited, to rebut the presumption of novelty arising from the grant of the patent. The defendant does not use such an inner core, but constructs its tubes in accordance with the specifications of a later patent, No. 444,233, granted to Harmer Denney, wherein the patentee, criticising prior paper tubes having longitudinal seams as being always weakest along said longitudinal seam, differentiates his construction as follows:

"By making the core of a spirally-wound strip, the cross-section of all parts of the core will be a perfect and true circle, and each part of said core will be able to resist pressure equally and uniformly. By making the core with a long spiral,—that is, a spiral of great pitch,—the strength and rigidity of the tube are increased, as the long spiral presents greater resistance against bending or shearing strains."

Inasmuch as the complainant patentee nowhere limits himself in specification or claims to such a longitudinal seam, he contends that his invention should be construed to cover any form of inner core, whether a long spiral or longitudinal, which performs the strengthening function of his core, and that Denney's statement, above quoted, shows that he has appropriated such function, and therefore has infringed. This issue requires an examination of the prior art. The commonplace expedient for strengthening both rigid and pliable materials by rolling them in tubular shape, and confining them by means of an outer binding, has been developed in a variety of ways, and applied to all manner of structures from paper rolls to rubber hose and metal pipes. Thus Pearson, in 1854, patented a gun barrel composed of two strips of metal, the one wound spirally upon the other, and with abutting edges. And Stow, in his patent No. 110,399 of 1870, shows a pipe consisting of an inner core having abutting or overlapping edges running spirally, and spirally wrapped. In the patent in suit the patentee says, "I do not limit myself to a paper tubing, as metal might be used," etc. But the patent is especially designed to cover paper tubes, and the patent chiefly relied on by defendants to defeat the patent in suit is No. 374,133, granted in 1887

to C. S. Taintor for a paper cylinder for graphophonic records. This patent shows one tube consisting of a strip of paper wound in a spiral of very slow pitch, covered by another tube similarly constructed. The edges of each of the strips abut throughout, and may be wound either in opposite directions or in the same direction so as to break joints with each other. The object and effect of such windings is to strengthen the tube. Complainant contends that, "owing to the slow pitch of the inner layer of the Taintor tube, it results that the said inner layer does not perform in any wise the function of the core of the Hurlbut patent in suit." Defendant contends that it is "a direct and complete anticipation of the broad construction which has been placed upon the Hurlbut patent in suit." I am inclined to agree with both of these conclusions. The slow pitch of Taintor does not make as strong a tube as the greater pitch of Denney. But given the double-core paper construction with a pitch, the length of pitch was a mere matter of degree, a mere mechanical development of the original idea to meet the greater strength required for tubes to be used for electrical conduits or for mailing purposes. The contention of noninfringement is sustained.

Let the bill be dismissed.