### HURLBUT v. UNITED STATES MAILING TUBE CO.

(Circuit Court of Appeals, Second Circuit. July 1, 1903.)

#### No. 187.

1. PATENTS—INVENTION—PAPER TUBES.
   The Hurlbut patent, No. 441,846, for tubes especially intended to cover paper tubes, is void, for lack of patentable invention, in view of the prior art.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 119 Fed. 188.

A. Parker Smith, for appellant.

W. C. Hauff, for appellee.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. This is an appeal by the complainant from a decree dismissing the bill in a suit brought to restrain the infringement of letters patent granted to the complainant December 2, 1890, for a paper tube. The court below dismissed the bill upon the theory that the defendant's tube was not an infringement of the patent, in view of the narrow construction which must be given to the claims. 119 Fed. 188.

The patent describes a tube made of paper, and which is suitable for use as a speaking tube, as a conduit for wires, and for other purposes. The tube has a cylindrical core, or inner tube, which is formed by bending a fillet of paper of the length desired around a mandrel, so that the sides abut or somewhat overlap, and around the core one or more strips or tapes of paper are wound spirally, serving to bind the core firmly in its tube formation. When more than one wrapping is applied, the succeeding ones are wound so as to break

joints. The layers are secured together by paste or cement. The whole forms a composite structure which is light, is sufficiently strong for the uses for which it is intended, can be economically constructed, and can be readily cut into shorter lengths if desired. The patentee states in the specification:

"While I regard the tube when made of paper as the better construction, because more economical, I do not limit myself to a paper tubing, as metal might be used without departing from my invention."

The claims are as follows:

"(1) In a tube, the combination of a cylindrical core, formed from a single thickness of material and having an abutting or slightly overlapped seam, said core being covered throughout by a spirally wound tape, substantially as described.

"(2) In a paper tube, the combination of a cylindrical core, formed from a single thickness of paper and having an abutting or overlapped seam, tapes of the same material spirally wound around said core and breaking joints, and an adhesive material to bind said core and tapes, substantially as described."

The prior state of the art in respect to tubes generally is referred to in the opinion of the court below by the following statement:

"The commonplace expedient for strengthening both rigid and pliable materials, by rolling them in tubular shape and confining them by means of an outer binding, had been developed in a variety of ways and applied to all manner of structures, from paper rolls to rubber hose and metal pipes."

Flexible tubes were old, made of rubber coated with canvass, in which the core was formed and the covering was applied similarly to that of the patent in suit. The prior patent to Stone discloses such a tube. The rigid tubes of the prior art which approach most closely to the tube of the patent are those shown and described in the earlier patents to Stow and to Tainter.

The patent to Stow, granted December 20, 1870, for "improvement in pipes and tubes for water and gas," shows a tube consisting of a sheet metal core with a wrapping of paper. The core is bent around a mandrel into the form of a tube, so that the edges of the metal abut or slightly overlap, and it is then wrapped spirally to any desired thickness with a strip of roofing paper, and the paper is then saturated with hot pitch.

The patent to Tainter, granted in 1887, after pointing out that "paper tubes are ordinarily made by rolling a flat sheet upon a mandrel until the edges meet or overlap, and securing them by glue or other adhesive substance," describes a tube in which the core is a strip of paper wound in a spiral of very low pitch, and the wrapping is a similar strip wound similarly. The edges of the strips abut throughout. The strips are wound in opposite directions, or in the same direction, so as to break joints with each other. The tube may be composed of two or more enwrapping strips wound about the core. The layers of paper are coated with paste to firmly unite them together.

The first claim of the patent in suit is not limited by its terms to a paper tube, and such a limitation cannot be imported into it, in view of the statement inserted in the specification in order to preclude such an interpretation. Construed as it must be, it is completely

met and anticipated by the Stow patent. The tube of that patent is in all details of construction identical with that of the claim, when the core of the latter is made of metal, as the patent contemplates it may be. It is made of a single thickness of material, and has an abutting or slightly overlapping seam, and is enwrapped to any desired thickness over the core by spirally wound strips.

The second claim covers a paper tube in which the core is enwrapped by tape spirally wound and breaking joints; that is, enwrapped by two or more strips successively in such manner that the seams of one shall not be opposite the seams of the other. The tube of this claim is the tube of the Tainter patent, except as respects the core; and the core is the old form of paper tube referred to in the Tainter patent. Tainter preferred a core wound in a spiral of low pitch, but the patentee preferred the form which Tainter desired to dispense with. From another point of view, the patentee substituted for Tainter's core one in form and details of construction like that of the Stow patent, but made of paper, instead of metal. He then enwrapped it, and applied adhesive material to bind the parts together, as Tainter had done. We are unable to discover any invention in this. If the patentee had been the first to discover the superior adaptability of paper for the kind of tube which he desired to construct, there might have been patentable novelty in his improvement. When, however, it appears that this had been disclosed by Tainter, and that it was old to construct cores in the identical form of his and enwrap them spirally with a strip or strips of paper as he did, and to enwrap them so that the strips would break joints, and to cement the layers together by adhesive materials so as to make the tube sufficiently rigid and strong, it is impossible to discover patentable novelty. If his tube is an improvement upon that of Tainter, it is one of that character which was plainly suggested by the prior art, and the improvement exhibits merely good judgment and the exercise of very simple mechanical adaptation.

The judge who heard the cause in the court below, apparently from a kindly desire to save the patent from extinction, contented himself with giving it a construction so narrow that it would not include the defendant's tube. The defendant's tube is constructed like the tube of the Tainter patent, except that the paper strips are wound in a spiral of greater pitch. It is apparent that the difference between the low pitch of the Tainter strips and the greater pitch of the defendant's is a mere matter of degree. In affirming the decree of the court below we are constrained to base our decision upon the invalidity of the patent.

The decree is affirmed, with costs.